UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

*FILED ELECTRONICALLY*

| | |
|---|---|
| SARNAA ARCHIE and JAMEEL BEMBRY, )<br>)<br>PLAINTIFFS, )<br>)<br>v. )<br>)<br>BUDGET RENT A CAR SYSTEM, INC. )<br>And AVIS BUDGET CAR RENTAL, )<br>LLC, )<br>)<br>DEFENDANTS )  | CIVIL ACTION NO. 2:18-CV-00179-WOB-CJS |

## RESPONSE IN OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL
## (ORAL ARGUMENT REQUESTED)

This matter has been pending for almost a year. At the time the Complaint was filed on September 20, 2018, the Plaintiffs were represented by Kevin Monsour, an attorney with Bruce Law Group, LLC.[1] At a hearing in Chambers on March 25, 2019, the Court overruled Budget's Motion to Dismiss and directed the parties to begin discovery, with a discovery deadline of July 31, 2019.[2] To date, the Plaintiffs have not made their Initial Disclosures as required by Fed. R. Civ. P. 26(a)(1). At this same conference, this Court inquired about settlement negotiations to date. When Plaintiffs' counsel reveled to the Court what his original settlement demand was, this Court directed Plaintiffs' counsel to present a reasonable settlement demand for Defendants' consideration immediately. Despite the order from this Court, Plaintiffs' counsel has provided no settlement demand of any kind in the ensuing four months.

---

[1] DN #1.
[2] DN #22.

On July 17, 2019, Johnny Bruce, another attorney with Bruce Law Group, LLC, filed his entry of appearance as counsel for the Plaintiffs in this matter.[3] Contemporaneously with Mr. Bruce's entry of appearance, he sought to extend the deadlines for discovery in this matter.[4] On July 22, 2019, the Court granted this Motion and extended the deadline for discovery to October 29, 2019.[5]

Plaintiffs' responses to Budget's First Set of Interrogatories and Requests for Production were due to be served August 5, 2019.[6] Instead of receiving discovery responses on that date, the undersigned received a mailed copy of Plaintiffs' counsel's Motion to Withdraw as Counsel[7] – exactly two weeks after the Court granted the Plaintiffs' request to extend the discovery deadline in this matter. The undersigned spoke with Mr. Bruce that same date and Mr. Bruce informed him that the Plaintiffs have not yet responded to discovery. Currently, discovery is scheduled to be completed October 29, 2019.

Given this set of facts, it would be fundamentally unfair to allow Plaintiffs' counsel to withdraw at this time. Despite the fact this case has been pending for close to a year, Budget still has no idea what evidence the Plaintiffs have to support their claims. The Plaintiffs have not provided their Initial Disclosures. The Plaintiffs have not responded to any discovery that is now overdue. The Plaintiffs have not provided a reduced settlement demand as directed by the Court during the March 25, 2019 hearing. Permitting Plaintiffs' counsel to withdraw at this juncture – so shortly after requesting an extension of time to complete discovery and with under 90 days remaining to complete discovery – without having conducted any discovery prejudices Budget's ability to mount a defense in this matter. Should Plaintiffs' counsel be permitted to withdraw, Budget will either have

---

[3] DN #27.
[4] DN #29.
[5] DN #30.
[6] These discovery requests were served on July 1, 2019.
[7] DN #33.

to wait for a new attorney to enter their appearance on behalf of the Plaintiffs and get up to speed before responding to discovery or deal with two *pro se* litigants who simply may not understand the burdens associated with responding to discovery, thereby necessitating additional time to obtain relevant documents and materials to complete discovery. Either situation places Budget in a no-win position.

Instead, the Court should require that the Plaintiffs respond to discovery, provide a reduced demand, and secure new counsel prior to permitting Bruce Law Group, LLC to withdraw as counsel. This avoids prejudice to Budget and avoids any further unnecessary delay in this matter. This result also does not prejudice Plaintiffs or Bruce Law Group, LLC in any fashion as they should have already prepared their Initial Disclosures and should have been diligently working to respond to Budget's discovery requests following their service as required by Fed. R. Civ. P. 33 and 34. Requiring the Plaintiffs to comply with the Court's directive to submit a reduced settlement demand will further not prejudice any party or attorney and may actually help facilitate resolution of this matter.

Finally, LR 83.6 requires that an attorney moving to withdraw as counsel must make a showing of good cause to withdraw as counsel where the client has not consented in writing to the withdrawal. Bruce Law Group has not made any effort to make this required showing nor has it provided its clients' written consent. This failure alone is reason to deny the Motion to Withdraw as Counsel.

Respectfully submitted,

/s/  Matthew Barszcz
MATTHEW BARSZCZ
**Dinsmore & Shohl LLP**
101 South Fifth Street
Suite 2500
Louisville, KY 40202
Main: (502) 540-2300
Fax: (502) 585-2207
Matthew.barszcz@dinsmore.com

and

/s/ Jason E. Hazlewood
JASON E. HAZLEWOOD (pro hac vice)
**Reed Smith LLP**
Reed Smith Centre
225 Fifth Avenue
Suite 1200
Pittsburgh, PA 15222
Main: (412) 288-3131
Fax: (412) 288-3063
JHazlewood@reedsmith.com

*Counsel for Defendants Budget Rent a Car System, Inc. and Avis Budget Car Rental, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August, 2019, I served the foregoing by mail to the following:

Johnny B. Bruce, Esq.
Kevin M. Monsour, Esq.
Bruce Law Group, LLC
1041 Goss Avenue, Suite 2
Louisville, Kentucky 40217
E-Mail: Kevin.Monsour@gmail.com
E-Mail: Johnny@injurylaw-ky.com
*Counsel for Plaintiffs*

I also certify that, on August 7, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Matthew Barszcz
*Counsel for Defendants Budget Rent a Car System, Inc. and Avis Budget Car Rental, LLC*