IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:18-CV-179 (WOB-CJS)

SARNAA ARCHIE,                                                    PLAINTIFF,

VS.                      MEMORANDUM OPINION AND ORDER

BUDGET RENT A CAR
SYSTEM, INC., ET AL                                              DEFENDANTS.

This matter is before the Court on the defendants' motions to dismiss. (Docs. 85, 87). Both defendants argue that the plaintiff's claims are barred by the statute of limitations because the plaintiff's claims do not relate back. (*Id.*) For the reasons outlined below, this Court agrees.

*Factual and Procedural Background*

Sarnaa Archie is a pro se plaintiff bringing this civil rights action against Cincinnati/Northern Kentucky International Airport and detective Kenneth Coyle individually and in his official capacity with the airport (collectively "Airport Defendants"). (Doc. 60).

This matter was originally filed against Budget Rent A Car Systems, Inc. and Avis Budget Car Rentals, LLC, alleging race discrimination pursuant to 42 U.S.C. § 1981, racial discrimination pursuant to 42 U.S.C. § 2000a, racial discrimination pursuant to

1

the Kentucky Civil Rights Act, wrongful imprisonment, and fraudulent inducement on September 20, 2018. (Doc. 46-2).

These claims stem from Archie and his former co-plaintiff, Jameel Bembry, being detained at CVG Airport after they were mistakenly identified as suspects stealing rental cars. (*Id.* at ¶¶ 34-36, 44). Archie and Bembry retained counsel to file this lawsuit, but on August 6, 2019, their attorneys moved to withdraw from the case. (Doc. 33).

This Court granted a brief stay on discovery while the plaintiffs tried to secure counsel, but they ultimately opted to proceed pro se. (Doc. 37-38, 41). On March 4, 2020, Bembry voluntarily dismissed his claims with prejudice against the car rental defendants. (Doc. 45).

On March 31, 2020, the car rental defendants filed a motion for summary judgment against Archie, (Doc. 46), and Archie filed a motion to amend his complaint on July 23, 2020, (Doc. 53). Archie's amended complaint dismissed several causes of action against the car rental defendants, added new claims against them, and added new claims against the Airport Defendants. (Doc. 53-2).

This Court ultimately granted Archie's request to amend his complaint over the car rental defendants' objection. (Doc. 59). Archie was able to reach a settlement with the car rental defendants shortly thereafter, but he sought to continue the pursuit of his claims against the Airport Defendants. (Doc. 67).

Service on the Airport Defendants was eventually executed on July 7, 2021. (Doc. 79). The Airport Defendants filed responsive pleadings against Archie's claims, arguing he cannot state a claim upon which relief can be granted because his claims are time-barred (Docs. 85, 87).

### *Standard of Review*

To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible upon its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). While the Court construes the complaint in favor of the complaining party, the Court need not accept as true legal conclusions or unwarranted factual inferences. *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

### *Analysis*

Archie's amended complaint asserts the following causes of action against the Airport Defendants: (1) 42 U.S.C. § 1985 (Conspiracy); (2) 42 U.S.C. § 1983 (Fourth Amendment violations); (3) KRS § 502.020 (failure to intervene). (Doc. 60).

The problem for Archie, however, is that each of these causes of action have a one-year statute of limitations.[1] *See Collard v.*

---

[1] Archie does not contest the one-year statute of limitations on his claims. (Doc. 90).

*Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) (stating the statute of limitations for Section 1983 claims is one-year under Kentucky's analogous personal injury statute of limitations—KRS § 413.140(1)(a)); *Bedford v. Univ. of Louisville Sch. Of Med.*, 887 F.2d 1086 (6th Cir. 1989) (borrowing Kentucky's analogous one-year statute of limitations for conspiracies—KRS § 413.140(1)(c)).

Archie's failure to intervene claim is brought pursuant to KRS § 502.020, the criminal statute relating to complicit liability, which is governed by the same conspiracy statute as his Section 1985 claim because he alleges that "Budget and the CVG Airport Police ***conspired*** in an activity which resulted in the unjustified search and seizure of Mr. Archie." (Doc. 60 at 14) (emphasis added).

Archie does not dispute that his alleged injury accrued on July 27, 2018, when he and Bembry were stopped at the airport. (Doc. 60 at 3). He did not seek leave to amend his complaint until July 23, 2020, almost two years later.[2] (*Id.*) Thus, the time to file his claims against the Airport defendants has lapsed.

To get around the statute of limitations, Archie argues that his claims against the Airport Defendant relate back pursuant to Federal Rule of Civil Procedure 15(c). (Doc. 90 at 4). This argument is misplaced.

---

[2] Leave to amend was granted on December 3, 2020. (Doc. 59).

4

The Federal Rules of Civil Procedure do not allow for relation back of otherwise time-barred amendments when the purpose is to add a party to the case. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313 (6th Cir. 2010); *see also In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1499 (6th Cir. 1991) ("[T]he precedent of this circuit clearly holds that an amendment which adds a new party creates a new cause of action, and there is no relation back to the original filing for purposes of limitations.") (Internal quotations omitted).

Here, there is no question that Archie amended his complaint to add the Airport Defendants as parties, not to substitute them for a defendant they mistakenly named. To be sure, Archie included the car rental defendants in his amended complaint and settled with them. (Docs. 60, 67). Because there has not been a mistake in a party's identity, Archie's claims against the Airport Defendants do not relate back and are time barred by the applicable statutes of limitation.

Thus, having reviewed this matter, and the Court being advised,

**IT IS ORDERED** that the defendants' motions to dismiss (Docs. 85, 87) be, and are hereby, **GRANTED**. A separate judgment shall enter concurrently herewith.

This 7th day of September 2021.



Signed By:

William O. Bertelsman

United States District Judge

5